# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

JOYCE R. HICKMAN                                                                 PLAINTIFF

v.                      CASE NO. 3:17-CV-00050 BSM

NANCY BERRYHILL, Acting Commissioner,
Social Security Administration                                           DEFENDANT

## ORDER

Plaintiff Joyce Hickman's unopposed motion for attorney's fees and costs [Doc. No. 15] is granted. Although her motion is untimely, the Social Security Administration ("SSA") has waived its objection under section 2412(d)(1)(B). Therefore, attorney's fees and costs in the amount of $ 4,032.24 are awarded directly to Hickman. *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010) (attorney's fees award pursuant to section 2412 is payable to claimant rather than attorney).

The Equal Access to Justice Act ("EAJA") requires that applications for fees and costs be filed within 30 days of the entry of final judgment. 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses"); *see also Shalala v. Schaefer*, 509 U.S. 292, 302–03 (1993). The EAJA has been interpreted as a partial waiver of the government's sovereign immunity and imposes liability for attorney's fees when the government "otherwise would not be required to pay." *Vasquez v. Barnhart*, 459 F. Supp.2d 835, 836 (N.D. Iowa 2006).

Prior to the Supreme Court's decision in *Scarborough v. Principi*, 541 U.S. 401,

(2004), courts routinely found that section 2412(d)(1)(B)'s requirements were "jurisdictional" and refused to consider untimely petitions. *See, e.g.*, *Pottsmith v. Barnhart*, 306 F.3d 526, 527 (8th Cir. 2002) ("We lack jurisdiction to consider the merits of fee applications filed beyond this time limit.") (quoting *Welter v. Sullivan*, 941 F.2d 674, 675 (8th Cir. 1991)). *Scarborough*, however, clarifies that section 2412(d)(1)(B)'s requirements are not "jurisdictional," but instead "concern[ ] a mode of relief (costs including legal fees) ancillary to the judgment of a court that has plenary jurisdiction of [the civil] action in which the fee application is made." 541 U.S. at 413 (quotations omitted). Indeed, it admonishes courts and litigants not to use the label "jurisdictional" for claim processing rules such as section 2412(d)(1)(B), but "only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." *Id.* at 413–14 (quotations omitted); *see also Vasquez*, 459 F.Supp. 2d at 836. "Because the Court has clarified that the requirements of section 2412(d)(1)(B) are not jurisdictional, but are ancillary to the court's judgment . . . the requirements can be waived by the Government, as it is the Government whose interests are protected by the section's requirements." *Vasquez*, 459 F. Supp.2d at 836.

Here, an order granting a "sentence four" remand and separate judgment in favor of Hickman were entered on October 6, 2017. Doc. Nos. 13, 14. Hickman did not move for attorney's fees and costs until December 12, 2017. Doc. No. 15. Thus, her petition is untimely. The SSA, however, has not filed a response objecting to Hickman's motion for fees based on her failure to comply with section 2412(d)(1)(B), and the time to do so has

expired. Therefore, it has waived its objection. *See, e.g.*, *Vasquez*, 459 F. Supp.2d at 836–37 (granting attorney's fees when the petition was untimely and when the government failed to object and expressly asked for an award of fees); *Former Employee of Marlin Firearms Co. v. United States Sec'y of Labor*, Court No. 11–00060, 2017 WL 2591781, *2–3 (U.S. Ct. Int'l Trade June 14, 2017) (finding that the government waived its objection to an untimely application when it "abandoned" the issue at oral arguments).

Hickman's request for reimbursement of fees for 19.65 hours of work at a rate of $198.03 per hour is reasonable. Moreover, an award of costs of $140.95 is reasonable. Hickman is therefore awarded $ 4,032.24 in attorney's costs and fees.

IT IS SO ORDERED this 30th day of January 2018.

_____
UNITED STATES DISTRICT JUDGE